IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

OLIVER WENDELL WATSON, JR.,

        Plaintiff,

v.                                          Civil Action No. 5:09CV71
                                                              (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.


                     **MEMORANDUM OPINION AND ORDER
                     AFFIRMING AND ADOPTING REPORT AND
                     RECOMMENDATION OF MAGISTRATE JUDGE;
              DISMISSING WITH PREJUDICE THE PLAINTIFF'S DIB CLAIM
           AND DISMISSING WITHOUT PREJUDICE THE PLAINTIFF'S SSI CLAIM**

                         I.  Procedural History

    The plaintiff, Oliver Wendell Watson, Jr., proceeding pro se,[1] filed a complaint in this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security.  The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  The plaintiff filed two complaints prior to Magistrate Judge Kaull ordering the parties to appear for a Rule 16 conference.  At the conference, the magistrate judge unsuccessfully attempted to have the plaintiff or his mother explain the nature of the claims and the amount that was being claimed.  The magistrate judge ordered the plaintiff to file an amended or supplemental

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

complaint that identified what money Watson claimed was owed him by the Social Security Administration ("SSA"); the time frame covered by his claim; the type of benefit program upon which his claim was based; all prior applications, hearings, and decisions on his claims; and otherwise outlining his claim in a clear and comprehensive manner. Thereafter, the plaintiff filed a supplemental complaint.

The defendant filed a motion for summary judgment. The magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted and that this case be stricken from the active docket of this Court. Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The plaintiff filed timely objections.

## II. Facts

The plaintiff filed an application for Social Security disability benefits ("DIB") in 2001. The SSA awarded the plaintiff benefits in the amount of $38,058.00. This amount included past due DIB benefits, starting in 1990. The SSA reduced the amount to $2,885.39. The SSA reduced the plaintiff's award because the plaintiff also received Supplemental Security Income benefits ("SSI"). The agency explained that, had the plaintiff received both SSI and DIB starting in July 1990, his SSI checks would have

been smaller. As a result, the SSA reduced the DIB award by $35,172.61.

After receiving the letter from the SSA, the plaintiff requested a hearing. The hearing occurred in June 2006 before Administrative Law Judge ("ALJ") James Pileggi.[2] ALJ Pileggi's unfavorable August 15, 2007 decision is not in the record. However, after a de novo review of the record, this Court agrees with the magistrate judge that it is clear from the record that the ALJ based his August 15, 2007 decision solely on the DIB application, not any application for past SSI benefits. The plaintiff states that the ALJ verbally told the plaintiff during the hearing that he had money coming to him from SSI. Specifically, in the response to the Roseboro Notice, the plaintiff states that ALJ Pileggi told him that the plaintiff "should have gotten more money in his check at the beginning of his SSI in 1979 . . . [and] that we were to go home & follow up with Social Security & file a complaint with Social Security."

The Appeals Council affirmed the ALJ. The Appeals Council performed an audit of the hearing before ALJ Pileggi. The Appeals Council stated that the ALJ "discussed 'only' the possibility of benefits payable on the claimant's father's record and the claimant's need to file an application for those benefits" (emphasis in original).

---

[2]The supplemental complaint incorrectly refers to ALJ Pileggi as "Judge Pieggi James."

III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. Discussion

The magistrate judge correctly stated in his report and recommendation that the plaintiff has two claims that are at different stages in the review process. Before this Court can review a denial of a claim, the plaintiff must have exhausted his administrative remedies. 42 U.S.C. § 405(g). Accordingly, for each of the plaintiff's claims, he must initially file that claim with the Commissioner of Social Security, who makes an Initial Determination. 20 C.F.R. §§ 404.900(a), 416.1400(a). Next, the plaintiff may file a request for Reconsideration followed by a hearing before an Administrative Law Judge. Id. If the ALJ enters an adverse decision to the plaintiff, the plaintiff may appeal to the Appeals Council. Id.

In this case, the plaintiff has followed all the steps for this Court to review his DIB claim. As to the DIB claim, this Court has conducted a de novo review and agrees with the magistrate judge that the SSA correctly withheld $35,172.61 from the plaintiff's DIB award because of the amount of SSI the plaintiff received from June 1990 to May 2003.

As to the SSI claim, this Court agrees with the magistrate judge that ALJ Pileggi was deciding only a DIB claim and that the DIB claim was based only on the plaintiff's own earnings and work history, and not his father's. The magistrate judge stated that the plaintiff had not exhausted his administrative remedies with respect to the SSI claim, pointing to the Appeals Council's language stating that if there were any past SSI benefits due, the plaintiff would have to file another application to obtain them.

In his objections to the report and recommendation, the plaintiff and his mother again state that ALJ Pileggi verbally told the plaintiff that he still could be awarded more money. The plaintiff and his mother explicitly state that the ALJ told them "<u>to go home to the social security office and file a complaint, and ask for another claim</u>" (emphasis added). The plaintiff's mother states that she believes a Judge's word is his honor.

After a de novo review, this Court finds that it lacks jurisdiction to hear the plaintiff's SSI claim as he has not exhausted his administrative remedies. By the plaintiff's own admission, ALJ Pileggi did not award the plaintiff additional money

or tell the plaintiff to appeal his decision. If the plaintiff believes he has a claim for additional SSI benefits, he should file another claim. Accordingly, this Court dismisses the plaintiff's SSI claim without prejudice because this Court lacks jurisdiction. Because this Court dismisses the plaintiff's SSI claim without prejudice, the plaintiff may file an SSI claim for additional benefits with the SSA. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion to dismiss is GRANTED. This Court DISMISSES WITH PREJUDICE the plaintiff's DIB claim. This Court DISMISSES WITHOUT PREJUDICE the plaintiff's SSI claim to filing a claim for additional benefits under SSI prior to 1990 as he has asserted. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: September 2, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE